Peter M. Torncello, Esq. Informal Opinion Deputy Corporation Counsel No. 96-34 City of Watervliet Watervliet, N Y 12189
Dear Mr. Torncello:
You have requested our opinion concerning the procedure for filling the elective office of mayor of the City of Watervliet. Your letter states that on August 1, 1996 the mayor resigned from his office, which has a term extending from January 1, 1996 until December 31, 1999. Upon his resignation, the city council made an appointment to fill the vacancy. Specifically, you inquire as to when an election must be held to fill the vacancy for the balance of the unexpired term and the length of time that the appointee may serve as mayor.
Under Article XIII, section 3 of the State Constitution and the city's charter, no person appointed to fill a vacancy in an elective office
 shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy.
This provision is effectuated by section 42(1) of the Public Officers Law which provides that:
 A vacancy occurring before September twentieth of any year in any office authorized to be filled at a general election, . . . shall be filled at the general election held next thereafter, unless otherwise provided by the constitution, or unless previously filled at a special election.
The vacancy in the city's office of mayor occurred on August 1, 1996. Since it occurred prior to September 20th, under section 42(1) of the Public Officers Law the vacancy must be filled for the balance of the unexpired term at the next general election, which occurs in November of 1996. Therefore, the appointee will serve only until the end of the current year, December 31, 1996, and the victor in the election will take office on January 1, 1997. The obvious purpose of the September 20th cut-off date is to implement the constitutional requirement that elections take place as soon as possible to fill vacancies in elective offices, while allowing time for the nomination of candidates under provisions of the Election Law. See, Op Atty Gen (Inf) No. 83-36.
We conclude that a vacancy in the office of mayor of the City of Watervliet occurring on August 1, 1996 must be filled for the balance of the unexpired term by the voters at the November 1996 election. Therefore, the person appointed to fill the vacancy may serve only through December 31, 1996.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General
in Charge of Opinions